IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| NEWCO, INC. DBA CASCADE COLUMBIA DISTRIBUTION COMPANY, A WASHINGTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY, AN ARIZONA INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:25-cv-00153<br><br>DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL<br><br>[ORIGINALLY IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR KING COUNTY, CASE NO. 24-2-29365-5 SEA ] |

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant Ironshore Specialty Insurance Company ("Ironshore"), by and through its counsel, and pursuant to 28 U.S.C. § 1332, § 1441, and § 1446, hereby gives notice of removal to the United States District Court for the Western District of Washington of an action filed against Ironshore in the Superior Court of the State of Washington in and for King County. In support of its Notice of Removal, Ironshore respectfully states the following:

**I.  Ironshore's Notice of Removal is Timely**

1.  On December 19, 2024, Plaintiff Newco, Inc. dba Cascade Columbia Distribution

NOTICE OF REMOVAL
CASE NO. 2:25-cv-00153 - 1

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

5121 106126 4926-3218-7665 .v1

1  Company ("Cascade") filed a Complaint against Ironshore in the Superior Court of the State of
2  Washington in and for King County captioned *Newco, Inc. dba Cascade Columbia Distribution*
3  *Company v. Ironshore Specialty Insurance Company*, No. 24-2-29365-5.

4      2.    On information and belief, on December 20, 2024, the State of Washington Office
5  of the Insurance Commissioner ("OIC") accepted service on behalf of Ironshore of Cascade's
6  Summons, Cascade's Complaint, and King County Superior Court's Order Setting Civil Case
7  Schedule.

8      3.    On information and belief, on December 20, 2024, OIC issued a Certificate to
9  Ironshore memorializing that OIC had accepted service on behalf of Ironshore on December 20,
10 2024, and OIC sent the Certificate, Summons, Complaint, and Order Setting Civil Case Schedule
11 to Ironshore via certified mail to an address in Boston, Massachusetts.

12     4.    On December 27, 2024, in Boston, Massachusetts, Ironshore received from OIC
13 via certified mail the Certificate, Summons, Complaint, and Order Setting Civil Case Schedule.

14     5.    Ironshore's Notice of Removal is timely under 28 U.S.C. § 1446, as fewer than 30
15 days have passed since Ironshore received from OIC the Certificate, Summons, Complaint, and
16 Order Setting Civil Case Schedule. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126
17 (9th Cir. 2019).

18 **II.**    **This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332**

19     *A.*    *There is Complete Diversity of Citizenship*

20     6.    Cascade is incorporated in Washington and its principal place of business is in
21 Washington. Cascade is a citizen of Washington.

22     7.    Ironshore is an insurance company organized under the laws of Arizona and its
23 principal place of business is in Boston, Massachusetts. Ironshore is a citizen of Arizona and
24 Massachusetts.

25     8.    Because Ironshore and Cascade are citizens of different states, there is complete
26 diversity of citizenship as required by 28 U.S.C. § 1332.

**NOTICE OF REMOVAL**  
CASE NO. 2:25-cv-00153 - 2

SELMAN LEICHENGER EDSON  
HSU NEWMAN & MOORE LLP  
600 University Street, Suite 2305  
Seattle, WA 98101-4129  
T: 206.447.6461  F: 206.588.4185

5121 106126 4926-3218-7665 .v1

**B.    *The Amount in Controversy Requirement is Satisfied***

9.    In its Complaint, Cascade does not "set forth the dollar amount prayed for." As contemplated by LCR 101(a), Ironshore has a good faith belief that Cascade is seeking damages from Ironshore in an amount greater than the minimum jurisdictional amount of this Court, i.e., $75,000 exclusive of interest and costs:

9.a.    Cascade alleges that Ironshore issued commercial general liability policies to Cascade that were collectively effective October 31, 2010 through October 31, 2016. Complaint at 1:17-20, 2:26 – 3:1. Cascade collectively refers to those policies as the "Policy," and Cascade alleges that the Policy specifies that (i) Ironshore will pay amounts that Cascade becomes legally obligated to pay as damages because of bodily injury, and (ii) Ironshore has a duty to defend the insured against any suit seeking those damages. *Id*. at 3:4. The insurance policy that Ironshore issued to Cascade for the policy period October 31, 2015 to October 31, 2016 has a policy limit of $1,000,000 per occurrence.

9.b.    Cascade alleges that it is seeking to recover "policy benefits" from Ironshore for an Underlying Lawsuit that was filed against Cascade in King County Superior Court on September 8, 2023. *Id*. at 1:17-22, 3:6-9. Cascade alleges that in the Underlying Lawsuit, the plaintiffs seek damages from Cascade because (i) the plaintiffs were allegedly exposed to chemicals that Cascade had distributed and transported, and (ii) the plaintiffs' son was allegedly born with birth defects, "including but not limited to spina bifida I and II with myelomeningocele, minor hydrocephalus, chiari II malformation, and a bowel expected to be permanently neurogenic." *Id*. at 3:10-20.

9.c.    Cascade alleges that Ironshore originally accepted Cascade's defense in December 2023, but that on September 9, 2024, Ironshore "reversed course" and "updated its coverage position to deny all coverage to Cascade. *Id*. at 3:26 – 4:4. Cascade alleges that Ironshore's denial of coverage was wrongful and unreasonable. *Id*. at 4:21, 5:18.

9.d.    In its Complaint, Cascade asserts claims against Ironshore for breach of

---

**NOTICE OF REMOVAL**
CASE NO. 2:25-cv-00153 - 3

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

5121 106126 4926-3218-7665 .v1

contract, for common law bad faith, and under the Consumer Protection Act. *Id.* at 5-7. Cascade also reserves its right to seek to amend its Complaint to assert a claim under the Insurance Fair Conduct Act. *Id*. at 7-8.

9.e.    In its Complaint, Cascade seeks "coverage by estoppel" under the Policy for the damages that the plaintiffs are seeking from Cascade in the Underlying Lawsuit. *Id*. at 2:2, 6:24-26, 8:12. Based on the allegations in the Underlying Lawsuit as described in Cascade's Complaint (i.e., in which the plaintiffs allege that Cascade's acts or omissions caused birth defects in the plaintiffs' son, including permanent birth defects), Ironshore has a good faith belief that (i) the plaintiffs in the Underlying Lawsuit are seeking damages from Cascade in excess of $75,000, and in turn (ii) Cascade is seeking "policy benefits" from Ironshore under the Policy in excess of $75,000 for the damages that the plaintiffs in the Underlying Lawsuit are seeking from Cascade. In its Complaint, Cascade also seeks an award of damages against Ironshore for the "cost of Cascade's defense" against the Underlying Lawsuit, which was filed on September 8, 2023, over 16 months ago. Cascade also seeks an award of damages against Ironshore for the cost of a deductible that Cascade allegedly paid to another insurer, plus the alleged cost of Cascade's investigation, plus an award of treble damages up to $25,000. *Id*. at 6:16-20, 7:14-23, 8:6-8. Based on the totality of these allegations, as contemplated by LCR 101(a), Ironshore has "a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought."

10.    If Ironshore's good faith belief is incorrect, and if Cascade is not seeking damages from Ironshore in excess of the jurisdictional amount of this Court, Ironshore is willing to confer with Cascade promptly and in good faith about a potential stipulation to remand the suit without the expense of contested motions practice.

/ / /

**NOTICE OF REMOVAL**
CASE NO. 2:25-cv-00153 - 4

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

### C. This Action is Removable to this Court

11. Because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, the United States District Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and this matter is removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

### III. Filings and Notice

12. As required by LCR 101(b), attached contemporaneously with this Notice of Removal as a separate attachment in the electronic filing system is a copy of the operative pleading, labeled "Complaint."

13. As required by LCR 101(b), the subjoined Certificate of Service lists all counsel and any pro se parties that have appeared in the action with their respective contact information.

14. As required by 28 U.S.C. § 1446(d), Ironshore will give written notice of the removal to all adverse parties and file a copy of the notice with the clerk of the state court.

15. As required by LCR 101(c) and 28 U.S.C. § 1446(a), within fourteen (14) days of the filing of this Notice of Removal, Ironshore will file with the clerk black-on-white copies of all records and proceedings in the state court, together with counsel's verification that they are true and complete copies of all of the records and proceedings in the state court action.

WHEREFORE, Defendant Ironshore Specialty Insurance Company prays that the action described in this Notice of Removal, which is currently pending in the Superior Court of the State of Washington in and for King County as Case No. 24-2-29365-5-SEA, be removed to the United States District Court for the Western District of Washington.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL
CASE NO. 2:25-cv-00153 - 5

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

5121 106126 4926-3218-7665 .v1

DATED: January 23, 2025

By: *s/ Robert A. Meyers*
Robert A. Meyers, WSBA# 24846
SELMAN LEICHENGER EDSON HSU
NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Telephone: 206.447.6461
Facsimile: 206.588.4185
bmeyers@selmanlaw.com

*Attorneys for Defendant Ironshore Specialty Insurance Company*

**NOTICE OF REMOVAL**
CASE NO. 2:25-cv-00153 - 6

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

5121 106126 4926-3218-7665 .v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the date noted below, I filed the foregoing DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL with the Clerk of the Court for the United States District Court for the Western District of Washington using the PACER CM/ECF system which will send notification of the filing to all counsel of record who receive PACER CM/ECF notification, and served the same upon the interested parties as follows:

| | |
|---|---|
| ***Attorneys for Plaintiff***<br>Tristan N. Swanson, WSBA #41934<br>MILLER NASH LLP<br>605 5th Avenue S, Ste. 900<br>Seattle, WA 98104<br>T: 206.777.7530<br>tristan.swanson@millernash.com | ☐ Electronic Service via ECF/CM<br>☒ E-Mail<br>☒ U.S. Mail |

DATED this 23rd day of January, 2025.

*s/ Emily Rose*
Emily Rose

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
T: 206.447.6461 F: 206.588.4185